IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05-20070BV |
| ) | 05-20077BV |
| VERONDA JACKSON, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING DEFENDANT JACKSON'S MOTION
FOR DISCLOSURE OF CO-DEFENDANTS' AND/OR CO-CONSPIRATORS' STATEMENTS

Before the court is the October 28, 2005 motion of defendant Veronda Jackson for an order directing the government to furnish Jackson any and all statements by co-defendants and/or co-conspirators and any other relevant statements. Jackson is charged in a one-count indictment along with co-defendants Rita Williamson, Greg Long, and Carolyn Kirk-Wiggly with conspiracy to possess with intent to distribute and to distribute approximately 20 grams of crack cocaine from on or about November 30, 2004, until December 22, 2004, in violation of 21 U.S.C. § 846. This motion was referred to the United States Magistrate Judge for determination. For the reasons below, Jackson's motion is denied.

In support of her motion, Jackson states, without citation to any case law, that co-conspirators' statements which the United States intends to introduce at trial are discoverable because those

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 11-23-05



statements will be attributed to the defendant under Federal Rule of Evidence 801(d)(2)(E). Jackson maintains, again without citation to any legal authority, that it is within the discretion of the court to order production of the co-defendants' statement. In response, the government insists that it is not required to disclose the co-conspirators' statements and that the defendant has no right to even know the identity of alleged co-conspirators. *United States v. Rey*, 923 F.2d 1217 (6th Cir. 1991).

Federal Rule of Criminal Procedure 16(a) governs pretrial discovery in criminal matters and sets forth the general guidelines governing the government's duty to disclose information to the defense. Rule 16(a)(2) expressly provides:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

FED. R. CRIM. P. 16(a)(2). The Jencks Act, 18 U.S.C. § 3500, requires production of a witness's statement only after the witness has testified on direct examination. Rule 26.2 likewise requires production of witness statements only after a witness has testified. FED. R. CRIM. P. 26.2(a). Unless co-defendants or co-conspirators are called as witnesses by the government, their statements are not required to be produced under the Jencks Act or

in advance of trial under the Federal Rules of Criminal Procedure. Jackson has cited no other basis for her request for statements of co-defendants and co-conspirators. The request for statements of co-conspirators and co-defendants appears to be merely an effort to circumvent Rule 16 of the Federal Rules of Criminal Procedure and to obtain otherwise impermissible discovery.

Accordingly, Jackson's motion is denied.

It is so ordered this 22nd day of November, 2005.

_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 56 in case 2:05-CR-20070 was distributed by fax, mail, or direct printing on November 23, 2005 to the parties listed.

---

Handel R. Durham
DURHAM & ASSOCIATES
100 North Main St.
Ste. 2601
Memphis, TN 38103

Eric Scott Hall
WAGERMAN LAW FIRM
200 Jefferson Ave.
Ste. 1313
Memphis, TN 38103

Timothy R. DiScenza
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT